## Weiser v. Center Valley Homes

*William J. McCarthy, III*, for plaintiffs.
*Herbert L. Levy*, for defendants.

MELLENBERG, J., June 27, 1978—In this equity action plaintiffs, Paul W. Weiser and Joan Weiser, seek the specific performance of a contract entered into by them and defendants, Leon Weinstein, Michael Weinstein, Barry Weinstein, and Center Valley Homes, Inc. The contract was for the sale of residential property located in Upper Saucon Township, Lehigh County, Pennsylvania.

The facts as alleged in the pleadings indicate that the Weinsteins are copartners in a partnership which owns Center Valley Homes, Inc. (hereinafter referred to as "Center Valley"). The lot in question is located in a housing development which is also owned by the partnership. The business of selling lots in the development is operated through Center Valley pursuant to an agreement between the partnership and Center Valley. On December 18, 1976, an agreement of sale was executed by plaintiffs and William Werpehowsky, an agent for Center Valley. Under the agreement, plaintiffs were to have obtained mortgage financing; however, they failed to do so within the time provisions set forth in the agreement. Consequently, defendants in accordance with the provisions of the contract terminated said contract and refused to deliver the property to plaintiffs. On December 7, 1977, plaintiffs

instituted this action to obtain the aforesaid property. Defendants, thereafter, filed preliminary objections to the complaint which are now before the court for disposition.

Defendants argue that the court of equity lacks jurisdiction over this action. Paragraph 19 of the contract in question states, "The parties agree that the sole liability of seller for non-performance under this Agreement shall be limited to the return of deposit monies, anything in this contract to the contrary notwithstanding." Defendants submit that the contract, in light of the aforesaid clause, provides the sole remedy for the buyer in case of breach by the seller. They conclude that plaintiffs may only maintain an action at law for the recovery of the buyer's deposit monies. Plaintiffs contend that the aforesaid exculpatory clause is ineffective because defendants exercised bad faith in their performance of the contract. They allege that defendants intentionally frustrated plaintiffs' attempts to secure a mortgage, thus, preventing them from performing the contract. Plaintiffs also allege that defendants sought to increase the purchase price of the property, thereby refusing to abide by the terms of the contract.

It is well established in Pennsylvania that a party may limit his liability in damages for nonperformance of his promises: Keystone Aeronautics Corp. v. R. J. Enstrom Corp., 499 F. 2d 146 (3d Cir. 1974); Husak v. Berkel, Inc., 234 Pa. Superior Ct. 452, 341 A. 2d 174 (1975); Warren City Lines, Inc. v. United Refining Co., 220 Pa. Superior Ct. 308, 287 A. 2d 149 (1971). However, exculpatory clauses are disfavored by law and strictly construed against the party seeking their protection: Key-

stone, supra; Neville Chemical Co. v. Union Carbide Corp., 422 F. 2d 1205, cert. den. 400 U.S. 826 (3d Cir. 1970).

We have given careful consideration to the parties' allegations and find that the exculpatory clause of the contract in question does not bar plaintiffs from seeking equitable relief. The aforesaid clause strictly construed would protect defendants from liability for nonperformance caused by circumstances beyond their control. However, we do not find that such a clause gives them carte blanche exculpation from liability for willful breach of the contract. See: Restatement, Contracts, §575(1). Defendants are obligated to exercise due care and good faith in the performance of the contract, and cannot contractually exculpate themselves from the consequence of their failure to exercise such care. See: Phillips Home Furnishings, Inc. v. Continental Bank, 231 Pa. Superior Ct. 174, 331 A. 2d 840 (1974). In that plaintiffs have presented facts sufficient to raise triable issues, we must overrule defendants' preliminary objections asserting lack of subject matter jurisdiction and adequate remedy at law.

Defendants have also filed a demurrer to the complaint. Center Valley argues that it was not the owner of the property involved, and, thus, is not a proper party to this action. The Weinsteins claim that the sales contract was executed by Center Valley and that they were never parties to the sale. A review of the pleadings reveals that plaintiffs have averred facts sufficient to connect Center Valley and the Weinstein partnership with the contract in question and defendants' demurrer to the complaint must be denied.

## ORDER

And now, June 27, 1978, after argument, for the reasons set forth in the attached opinion, it is ordered that defendants' preliminary objections asserting lack of jurisdiction, adequate remedy at law, and demurrer be, and the same are hereby denied.